<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action |
| Plaintiff | ) | No. 05-cr-489 |
| | ) | |
| vs. | ) | Civil Action |
| | ) | No. 07-cv-438 |
| JASON ECHEVARRIA-ANTUNA, | ) | |
| | ) | |
| Defendant | ) | |

\*     \*     \*

APPEARANCES:

>        MARY KAY COSTELLO, ESQUIRE
>        Assistant United States Attorney
>             On behalf of the United States of America

>        JASON ECHEVARRIA-ANTUNA
>             Pro Se

\*     \*     \*

<u>O P I N I O N</u>

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on the pro se Motion to
Vacate, Set Aside, or Correct Sentence filed May 9, 2007 pursuant
to 28 U.S.C. § 2255 by defendant Jason Echevarria-Antuna.  On
September 15, 2008, the Government's Response to Defendant's Pro
Se Motion to Vacate, Set Aside, or Correct Sentence was filed.

        For the following reasons, I deny defendant's Motion to
Vacate, Set Aside, or Correct Sentence, and I deny a certificate
of appealability.

PROCEDURAL HISTORY

On August 30, 2005, a federal grand jury in the Eastern District of Pennsylvania returned a four-count Indictment charging defendant with two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts One and Two); one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count Three); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four).

On February 6, 2006, pursuant to a written guilty plea agreement, defendant entered pleas of guilty to all four counts. On May 16, 2006, I sentenced defendant to 151 months incarceration, 3 years of supervised release, a $5,000 fine and a $400 special assessment. At all relevant times, defendant was represented by court-appointed counsel, Peter David Maynard, Esquire. Defendant did not appeal his conviction or sentence.

On May 9, 2007, defendant filed the within habeas corpus motion, together with Petitioner's Memorandum of Law and Facts in Support of § 2255 Motion to Vacate/ Correct/ Set Aside Sentence and numerous appendices. The government responded in opposition to the motion on September 15, 2008. Hence this Opinion.

## CONTENTIONS OF THE PARTIES

### Defendant's Contentions

Defendant advances two grounds in support of his motion.  First, the motion refers to attached exhibits, which include his memorandum of law.  The memorandum contends that this court lacks jurisdiction over this matter.  Specifically, he argues that the criminal jurisdiction statute, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is therefore void because it was not enacted constitutionally.

Defendant's motion also asserts ineffectiveness of counsel as its second ground.  In support of this contention, defendant avers that Attorney Maynard "didn't file motion or assist me in anything".  (Defendant's motion, page 6.)  The motion offers no specific facts in support of this contention, and defendant's memorandum does not address this claim.

### Government's Contentions

The government contends that defendant's motion should be denied for three reasons.  First, the government argues that the United States Court of Appeals for the Third Circuit has specifically held that the jurisdiction argument is frivolous, and that § 3231 was properly enacted and is applicable.  Thus, the government contends that this court properly has jurisdiction over defendant's criminal case.

Second, the government contends that defendant's ineffectiveness assistance of counsel claim should be denied because, by the terms of his guilty plea agreement, defendant waived the right to appeal or collaterally challenge his conviction or sentence in this matter except in certain, limited circumstances which do not apply here.  The government avers that defendant knowingly entered a valid guilty plea, which included appellate waiver provisions, and that there is no circumstance amounting to a miscarriage of justice which would invalidate the waiver.  Thus, the government contends that defendant's ineffective assistance claim is waived and should be dismissed.

Third, the government asserts that even if I were to consider the ineffective assistance claim on the merits, it should be denied because defendant has not presented a legitimate argument.  Specifically, the government avers that defendant's motion fails to offer any factual or legal support for his claim, and did not address it in his brief.  Thus, the government contends, defendant has not shown that Attorney Maynard's performance was objectively deficient or that, but for counsel's deficiency, the results of defendant's case would have been different.

Additionally, the government avers that in his guilty plea agreement, defendant represented that he was satisfied with Attorney Maynard's representation, that he had discussed the plea

agreement with his attorney fully, and that he was pleading guilty because he was, in fact, guilty.  Therefore, the government argues that the ineffective assistance claim could also be denied on the merits.

Finally, the government contends that a certificate of appealability should not issue because defendant has not made a substantial showing of the denial of a constitutional right.  For the following reasons, I agree with the government.

<u>STANDARD OF REVIEW</u>

Section 2255 of Title 28 of the United States Code provides federal prisoners with a vehicle for challenging an unlawfully imposed sentence.  Section 2255 provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such a sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255.

A motion to vacate sentence under § 2255 "is addressed to the sound discretion of the court."  <u>United States v. Williams</u>, 615 F.2d 585, 591 (3d Cir. 1980).  A petitioner may prevail on a § 2255 habeas claim only by demonstrating that an error of law was constitutional, jurisdictional, "a fundamental

-5-

defect which inherently results in a complete miscarriage of justice", or an "omission inconsistent with the rudimentary demands of fair procedure".  Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962).

DISCUSSION

Jurisdiction

Defendant first argues that 18 U.S.C. § 3231, which confers on the federal courts subject matter jurisdiction over federal criminal matters, was not properly enacted and therefore is unenforceable.  Thus, defendant contends that this court never had jurisdiction over his criminal case.  The government avers that this argument is frivolous.  I agree.

Section 3231 provides that "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  Therefore, "where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment."  United States v. Potts, 251 Fed.Appx. 109, 111 (3d Cir. 2007).

According to the United States Court of Appeals for the Third Circuit, "The 1948 amendment to [section 3231], Public Law 80-772, passed both houses of Congress and was signed into law by

-6-

President Truman on June 25, 1948" and, therefore, was constitutionally enacted and is enforceable.  Potts, 251 Fed.Appx. at 111.  See also United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa. 2006)(Katz, S.J.).  Thus, the statute relied upon for jurisdiction in this case was properly enacted and is binding.  See United States v. Abdullah, 289 Fed.Appx. 541, 543 n.1 (3d Cir. 2008).

Moreover, even if the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over this case because "the predecessor to § 3231...provides for such jurisdiction as well."  Id.

Accordingly, I deny defendant's motion to the extent it challenges this court's subject matter jurisdiction over his criminal case.

## Assistance of Counsel

Second, defendant alleges ineffective assistance of counsel because his trial attorney "didn't file motion or assist me in anything."  He offers no specific averments in support of this contention, and his memorandum of law does not address this issue in any fashion.  In response, the government contends that defendant entered a valid, enforceable waiver of his right to collaterally attack his conviction or sentence on this ground, and therefore his claim should be denied.

Alternatively, the government avers that the ineffective assistance claim should be denied on the merits because defendant fails to address the issue in his brief and does not offer any factual or legal support for his claim. Moreover, the government contends that defendant's guilty plea agreement specifically avers that defendant is satisfied with his attorney's representation. For the following reasons, I agree with each of the government's contentions.

<u>Waiver of Appeal</u>

Defendant's written Guilty Plea Agreement dated February 6, 2006 and filed February 7, 2006 (Document 21) provides, in pertinent part:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

(Guilty Plea Agreement, paragraph 9.)

Notwithstanding this waiver provision, by the terms of his plea agreement defendant retained the right to appeal under three circumstances: (1) defendant's sentence on any count of conviction exceeds the statutory maximum for that count; (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; or (3) the sentencing judge, exercising

-8-

the court's discretion pursuant to <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the court.  (Guilty Plea Agreement, paragraph 9(b).

Defendant does not contend that any of these exceptions apply.  Rather, his motion sets forth only the two grounds discussed above, namely, his jurisdictional argument, which I have rejected, and his allegation of ineffective assistance of counsel.  However, defendant waived his claim of ineffective assistance of counsel in the appellate waiver provision in his Guilty Plea Agreement.

Waivers of appellate and collateral attack rights are generally valid if entered into "knowingly and voluntarily." <u>United States v. Mabry</u>, 536 F.3d 231, 237 (3d Cir. 2008); <u>United States v. Khattak</u>, 273 F.3d 557, 562 (3d Cir. 2001).  Such waivers should be strictly construed.  <u>Khattak</u>, 273 F.3d at 562. Moreover, policy considerations suggest that a defendant who has waived his post-conviction rights should not be permitted to disavow the agreement.

"[I]f a defendant who has participated in a waiver proceeding is then allowed, without exception, to change his mind whenever he chooses, the doctrine of waiver will be rendered purposeless.  Moreover, such an indulgence would be bad judicial policy resulting in frequent hearings and the expenditure of

untold judicial resources." <u>Fahy v. Horn</u>, 516 F.3d 169, 187
(3d Cir. 2008).

Plea Colloquy

It is the role of the sentencing judge to make certain
that defendant fully understands the rights which he is giving up
in his plea agreement.  <u>Id</u>. at 563; <u>see also</u> Fed.R.Crim.P.
11(b)(1)(N).  In this case, at defendant's February 6, 2006
guilty plea hearing, I concluded that defendant was fully alert,
competent, and capable of entering an informed guilty plea; and
that his guilty pleas were knowing and voluntary and supported by
an independent basis in fact.[1]  I based those findings, in part,
on the following relevant portions of the extensive guilty plea
colloquy which I conducted.

The record of the guilty plea hearing reveals that, at
my request, government counsel summarized the terms of the Guilty
Plea Agreement.[2]  Defendant expressly confirmed that the summary
was correct and complete.[3]  I advised defendant of the maximum
punishments and mandatory minimum punishments, including the

---

[1]      Notes of Testimony of the change of plea conducted on February 6,
2006 before me in Allentown, Pennsylvania, styled "Change of Plea Hearing
Before the Honorable James Knoll Gardner[,] United States District Judge"
("N.T."), at page 73.

[2]      N.T. at 26-30.

[3]      N.T. at 31.

-10-

maximum possible aggregate punishments, and he stated he understood each of them.[4]

Moreover, I advised defendant extensively regarding all of the appeal rights he would be waiving under the terms of his plea agreement, and all of the constitutional trial rights he would waive by pleading guilty.[5]  Defendant stated that he understood each of them.[6]

Relevant to the within motion, I explained to defendant the nature of a collateral appeal, and that a defendant ordinarily can take a collateral appeal.[7]  Defendant indicated that he understood.[8]

Additionally, I advised defendant as follows:

> THE COURT:   ...In your guilty plea agreement, you've given up entirely all of your rights to file a collateral appeal.  So even if your Federal Constitutional Rights are being violated by your sentence, or by your imprisonment, you cannot file a petition for writ of habeas corpus, which is the kind of collateral appeal that people would file in that situation.  Nor could you file any other kind of collateral appeal.  Do you understand that?

---

[4]     N.T. at 37-41.

[5]     N.T. at 47-63.

[6]     N.T. at 49-63.

[7]     N.T. at 47-48.

[8]     N.T. at 49.

THE DEFENDANT: Yes, sir.[9]

Thus, defendant stated under oath that he understood that by the terms of his Guilty Plea Agreement, his right to file a collateral appeal, such as this, would be waived.  I conclude, therefore, that defendant entered his appellate waiver knowingly and fully understood the consequences of having done so.

### Voluntariness of the Plea

Regarding the voluntariness of defendant's guilty pleas, defendant responded as follows:

> THE COURT:      Did anyone use any force, or violence, or threats, or intimidation, or coercion, or undue, or improper influence to get you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT:      Are you pleading guilty voluntarily and of your own free will?
>
> THE DEFENDANT: Yes, I'm pleading guilty on my own behalf.
>
> THE COURT:      Okay.  Did anyone tell you what to say today or put words in your mouth, so to speak?
>
> THE DEFENDANT: No, sir.
>
> THE COURT:      Do you understand that you are entering a guilty plea to four felonies today?
>
> THE DEFENDANT: Yes, sir.

---

[9]     N.T. at 51.

> THE COURT:      Do you understand that if I accept
> your guilty pleas, I will find you
> guilty of those felonies.  I will,
> in the legal term, adjudge you
> guilty of four felonies[.] Do you
> understand that?
>
> THE DEFENDANT: Yes, sir.[10]

At the guilty plea hearing, government counsel summarized in detail the factual basis for each count of the Indictment.[11]  Defendant acknowledged that government counsel correctly and completely summarized the facts as they applied to him, and acknowledged that he did in fact do those things.[12]

I summarized the elements of each of the four offenses to which defendant was pleading guilty.[13]  Defendant acknowledged that those elements correctly described what he did on the occasion of each of those offenses.[14]

Concerning defendant's admission of guilt, defendant responded as follows:

> THE COURT:      Do you admit, then, that you are,
> in fact, guilty of each of the four
> offenses?
>
> THE DEFENDANT: Yes, sir.[15]

---

[10]   N.T. at 33-34.

[11]   N.T. at 67-70.

[12]   N.T. at 70.

[13]   N.T. at 63-66.

[14]   N.T. at 66.

[15]   N.T. at 70-71.

-13-

Finally, the following colloquy occurred between me, defense counsel (Peter David Maynard, Esquire), government counsel (Special Assistant United States Attorney K. Kenneth Brown, II), and defendant.

> THE COURT:        .... Attorney Maynard, do you know of any reason why I should not accept the plea of guilty from your client, or why I should not approve his guilty plea?
>
> MR. MAYNARD:     No, your Honor.
>
> THE COURT:        Attorney Brown, do you know of any reason why I should not accept a guilty plea from this defendant, or approve his guilty plea agreement?
>
> MR. BROWN:        No, your Honor.
>
> THE COURT:        Mr. Echevarria-Antuna, do you know of any reason why I should not accept your guilty plea?
>
> THE DEFENDANT: No, your Honor.
>
> THE COURT:        Do you know of any reason why I should not approve your guilty plea agreement?
>
> THE DEFENDANT: None at all.[16]

Accordingly, I accepted defendant's guilty pleas and approved his Guilty Plea Agreement.[17]  Moreover, I concluded that defendant had entered the pleas knowingly and voluntarily.[18] Defendant has presented no factual or legal basis for any

---

[16]    N.T. at 71-72.

[17]    N.T. at 72.

[18]    N.T. at 73.

-14-

conclusion to the contrary, and based on the record of this
matter and considering defendant's motion, I incorporate those
conclusions here.

### Miscarriage of Justice

However, even if a waiver of appellate and collateral
attack rights were knowing and voluntary, an error amounting to a
"miscarriage of justice" may invalidate it.  Khattak, 273 F.3d
at 563.  However, a miscarriage of justice rendering a waiver of
appellate and collateral attack rights unenforceable is
"something grave and out of the ordinary".  Mabry, 536 F.3d
at 239.

To determine whether a miscarriage of justice has
occurred, courts in this Circuit consider the following factors:

> [T]he clarity of the error, its gravity, its character
> (e.g., whether it concerns a fact issue, a sentencing
> guideline, or a statutory maximum), the impact of the
> error on the defendant, the impact of correcting the
> error on the government, and the extent to which the
> defendant acquiesced in the result.

Id. (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir.
2001)).

"Critical to this analysis is whether a defendant seeks
to raise any substantial, non-frivolous issues and whether the
issues implicate fundamental rights or constitutional
principles." United States v. Ballard, 2009 WL 637384, at *7
(E.D.Pa. March 11, 2009)(DuBois, S.J.)(citing Mabry,
536 F.3d at 243).

-15-

Although the Third Circuit has expressly declined to "earmark specific situations" in which enforcement of a waiver would amount to a "miscarriage of justice", see Khattak, 273 F.3d at 563, courts in this Circuit have held that enforcement of a waiver that is itself based upon ineffective assistance of counsel may result in a miscarriage of justice. United States v. Akbar, 181 Fed.Appx. 283, 286 (3d Cir. 2006); see also United States v. Robinson, 2004 WL 1169112, at *3 (E.D.Pa. April 30, 2004)(Baylson, J.)(collecting cases).  An ineffective assistance of counsel argument "survives only with respect to those discrete claims which related directly to the negotiation of the waiver." Ballard, 2009 WL 637384, at *4.

### Ineffective Assistance of Counsel

In this case, defendant has alleged no error amounting to a miscarriage of justice which would invalidate his appellate waiver.  Indeed, other than his memorandum of law setting forth his jurisdictional argument, which I have addressed and rejected above, defendant offers no facts identifying any error whatsoever other than his conclusory allegation that his trial counsel "didn't file motion or assist me in anything".  (Defendant's motion, page 6.)

Defendant does not specify what sort of motion his attorney failed to file, nor does he offer any explanation for his contention that his attorney failed to assist him with

"anything".  Therefore, I am unable to evaluate the <u>Khattak</u> factors set forth above, and I conclude that defendant has not raised a substantial issue.   See <u>Ballard</u>, 2009 WL 637384, at *7.

Moreover, although ineffective assistance of counsel may rise to the level of a miscarriage of justice in some instances, defendant here does not aver that his counsel was ineffective in negotiating the appellate waiver of the plea agreement.  See <u>Ballard</u>, 2009 WL 637384, at *4.  On the contrary, at his guilty plea hearing, defendant averred that he and Attorney Maynard had discussed the guilty plea agreement, including the rights he would be giving up by pleading guilty.[19]

Additionally, defendant stated on the record that he was satisfied with Attorney Maynard's services in this case, and that Attorney Maynard had given him effective assistance.[20]

        THE COURT:     Okay.  Are you satisfied with the services of Mr. Maynard as your attorney in this case?

        THE DEFENDANT: Yes, sir.

        THE COURT:     Are you satisfied that he has given you effective assistance of counsel as your lawyer in this case?

---

[19]    N.T. at 15-16.

[20]    N.T. at 25-26.

THE DEFENDANT: Yes, sir.[21]

Therefore, I am unable to conclude that any issue alleged by defendant rises to the level of a miscarriage of justice which would invalidate his appellate waiver.  <u>Khattak</u>, <u>supra</u>.  Accordingly, because defendant's appellate waiver is valid and enforceable, I deny his motion to the extent it alleges a claim for ineffective assistance of counsel.

Based on defendant's statements at the February 6, 2006 guilty plea hearing, and considering defendant's within motion, I would also reject his ineffective assistance claim on the merits.

A claim of ineffective assistance of counsel involves two elements which must be shown by defendant: (1) counsel's performance must have been deficient, meaning that counsel made errors so serious that he was not functioning as "the counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

---

[21]    N.T. at 25-26.  Initially, defendant stated that he had asked Attorney Maynard to review two tapes of electronic surveillance, but that Attorney Maynard had failed to do so.  Attorney Maynard indicated that he had reviewed the transcripts of those tapes, but had not actually listened to the tapes.  Defendant stated that he did not wish to postpone the guilty plea hearing on this basis, but that he wanted a copy of the transcripts.

I recessed court so that defendant could read the transcripts, which he did, before proceeding with the guilty plea hearing.  Defendant stated that, other than the issue with the tapes, Attorney Maynard had not failed to do anything that defendant asked him to do, and he indicated that he was satisfied with Attorney Maynard's assistance. (N.T. at 16-26.)

Defendant has alleged no facts supporting a conclusion that either <u>Strickland</u> factor has been satisfied.  As discussed above, defendant has offered no specific details regarding his claim, and has made only a conclusory statement that his attorney "didn't file motion or assist me in anything".  (Defendant's motion, page 6.)

His bald assertion is belied by his statements at the February 6, 2006 guilty plea hearing that he was satisfied with Attorney Maynard's services.[22]  Indeed, defendant further stated that, other than the issue discussed above at footnote 21, there was nothing that he had asked his attorney to do for him that Attorney Maynard had failed to do.[23]  Accordingly, I would also deny defendant's ineffective assistance claim on the merits.

Certificate of Appealability

The Rules for the Third Circuit Court of Appeals require that "[a]t the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue."  Third Cir. Loc. App. R. 22.2.  A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[22]     N.T. at 25-26.

[23]     N.T. at 25.

-19-

Here, jurists of reason would not debate the conclusion that defendant's § 2255 motion fails to state a valid claim of the denial of a constitutional right.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542, 554 (2000). Accordingly, a certificate of appealability is denied.

<u>CONCLUSION</u>

For all the foregoing reasons, I deny defendant's Motion to Vacate, Set Aside, or Correct Sentence.  Moreover, a certificate of appealability is denied.